UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTINA L.,

     Plaintiff,

 v.

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

CASE NO. 2:24-cv-00040-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3.

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits ("DIB"). The parties agree that the decision of the Administrative Law Judge ("ALJ") contains legal error and must be reversed but disagree as to the proper remedy. Dkts. 20, 21. After considering and reviewing the record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

ORDER ON PLAINTIFF'S COMPLAINT - 1

I.     BACKGROUND

On September 4, 2015, Plaintiff filed an application for DIB pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act, alleging disability as of July 9, 2014. *See* Administrative Record ("AR") 15. Plaintiff's application was denied initially on November 10, 2015, and upon reconsideration on March 24, 2016. *Id*. Plaintiff's requested hearing was held before ALJ Wayne N. Araki ("ALJ Araki") on November 2, 2017. *Id*. at 31–73. On March 29, 2018, ALJ Araki issued a written decision finding Plaintiff was not disabled. *Id*. at 12–25. After the Appeals Council denied Plaintiff's request for review, *id*. at 1–3, Plaintiff appealed the ALJ's decision by filing a Complaint in this Court on January 31, 2019, *id*. at 1764–65.

On November 18, 2019, this Court remanded Plaintiff's claim for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g). AR 1783–96. A new hearing was held before ALJ Howard Prinsloo ("ALJ Prinsloo") on December 10, 2020, on Plaintiff's DIB claim, as well as an application for Supplemental Security Income ("SSI") pursuant to 42 U.S.C. § 1382(a) (Title XVI) she had filed on August 1, 2018. *See* AR 1665–1694; 1812. On January 29, 2021, ALJ Prinsloo issued a written decision finding Plaintiff was not eligible for Title II benefits for the period between the DIB application (September 4, 2015) through December 31, 2018, Plaintiff's date last insured. AR 1807–40. In that same decision, ALJ Prinsloo also decided Plaintiff was eligible for Title XVI benefits beginning on August 9, 2020. *Id*. The Appeals Council reviewed the ALJ's decision, and remanded the case for a new hearing before a different ALJ on the issue of disability before August 9, 2020. AR 1841–46.

The new hearing was held before ALJ Laura Valente ("the ALJ") on July 18, 2023. AR 1695–1729. Both ALJ Valente and Plaintiff's attorney noted the hearing was on a Title II claim with a period of issue between July 9, 2014, and December 31, 2018. *Id*. at 1697–98.  On

1  September 11, 2023, the ALJ issued a written decision finding Plaintiff was not disabled during
2  that time period. *See* AR 1637–64. Thereafter, on January 8, 2024, Plaintiff filed a Complaint in
3  this Court seeking judicial review of the ALJ's decision. Dkt. 6. The Commissioner filed the
4  sealed AR in this matter on March 11, 2024. Dkt. 8.

**II.     LEGAL STANDARDS**

The Court has discretion to remand for further proceedings or to award benefits. *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). However, a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014)).

The Ninth Circuit has established a three-step framework for deciding whether a case may be remanded for an award of benefits. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). First, the Court must determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler*, 775 F.3d at 1101 (internal citations and quotation marks omitted). Only if the first two steps are satisfied can the Court determine the third step, namely whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. A court credits as true only after determining that the record has been fully developed and contains no conflicts, thus rendering further proceedings useless. *Treichler*, 775 F.3d at 1101, 1105.

ORDER ON PLAINTIFF'S COMPLAINT - 3

### III.   DISCUSSION

In this case, the parties agree the ALJ's decision contains legal error, specifically that the ALJ failed to adjudicate the period from January 1, 2019, through August 8, 2020. Dkt. 20 at 3; Dkt. 21 at 2. As a result, the Commissioner filed a response requesting the Court remand to allow a new ALJ to: (1) evaluate Plaintiff's Title XVI claim; (2) evaluate the medical opinions of record; (3) reassess Plaintiff's residual functional capacity ("RFC") as necessary; and (4) take any further action to complete the administrative record and issue a new decision. Dkt. 20 at 6.

Plaintiff requests a finding of disability, arguing that if the Court were to credit as true the opinions of Dr. Lillian X. Wu, Dr. Frank P. Gonzalez, and Plaintiff's testimony; such evidence demonstrates that Plaintiff was disabled for the period between July 9, 2014, and August 8, 2020. Dkt. 21 at 8. As such, Plaintiff argues the proper form of remedy for relief is a remand for the award of benefits.

In response, the Commissioner points to several issues and conflicts in the medical evidence that should be resolved on remand and may even cast doubt on Plaintiff's eligibility for benefits for the relevant time period. Dkt. 20 at 3–5. For instance, the Commissioner initially notes that the ALJ did not evaluate the opinion of Dr. Gonzales at all, possibly due to the fact it was rendered more than a year after Plaintiff's date last insured, and therefore more than year after the period adjudicated by the ALJ. *Id*. at 3 (citing AR 1650 (ALJ Valente's decision noting, "Any other opinions dated subsequent to the DLI are not pertinent.")).

Further, the Commissioner notes the opinions of Drs. Postovoit and Eather on Plaintiff's social interactions contrast with evidence Plaintiff asks the Court to credit as true, namely that of

Dr. Gonzales.[1] *Id*. at 4 (citing AR 1759–60, 1770–71 (previous administrative findings noting Dr. Postovoit's and Dr. Eather's opinions that Plaintiff retains the capacity to interact with the public on an occasional/superficial basis and that interactions with supervisors and co-workers may occur on a more frequent basis); AR 1778–80 (previous administrative finding noting Dr. Eather's opinion that Plaintiff's "engagement with coworkers and acceptance of instruction from supervisors would not be significantly impaired")).

Finally, the Commissioner notes several instances in the record that may cast doubt as to whether Plaintiff was disabled during the relevant time period, and which, therefore, an ALJ should consider on remand. *See* Dkt. 20 at 4–5. Because the record contains these outstanding issues and conflicts, the Commissioner requests that the case be remanded for further proceedings.

In the Reply, Plaintiff argues that the ALJ failed to fully credit the opinions of Dr. Wu and Dr. Gonzalez, as well as failed to fully credit Plaintiff's testimony. *See* Dkt. 21 at 2–6. But, Plaintiff contends, this evidence, credited as true, shows that Plaintiff was disabled between July 9, 2014, and August 8, 2020. *See id*. at 8. Further, Plaintiff offers argument that the credit-as-true test has been satisfied for the medical opinions identified above and Plaintiff's testimony based on the Commissioner's alleged failure to dispute those aspects from Plaintiff's opening brief in conceding remand. *Id*. at 2–7.

However, in considering whether to remand for an award of benefits, the Court must "assess whether there are outstanding issues requiring resolution *before* considering whether to hold that [the evidence at issue] is credible as a matter of law." *Treichler*, 775 F.3d at 1105

---

[1] Dr. Gonzales' mental evaluation of Plaintiff, dated January 3, 2019, opined that Plaintiff's "social interaction is for all practical purposes non-existent, moderately to markedly impaired." AR 3140.

ORDER ON PLAINTIFF'S COMPLAINT - 5

(emphasis in original). As a result, the errors identified with respect to Dr. Wu's opinion must be reconciled with all the opinion evidence, including that of Dr. Gonzalez, and with Plaintiff's testimony and the other evidence in the record based on its potential to impact Plaintiff's RFC, and the jobs she may be eligible for, for her allegations of disability from July 2014 to August 2020. Accordingly, under these circumstances, the Court finds Plaintiff has not shown that the extraordinary remedy of a remand for a finding of benefits is appropriate. *See Leon*, 880 F.3d at 1045 ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.").

Thus, despite prior remands, the Court will remand for further administrative proceedings in accordance with the findings contained herein. *See Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1134, 1138 (9th Cir. 2011) ("A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's error may be."). On remand, a new ALJ shall evaluate Plaintiff's Title XVI claim; evaluate the medical opinions of record; reassess Plaintiff's RFC as necessary; and take any further action to complete the administrative record and issue a new decision.

## IV.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this Order.

Dated this 9th day of October, 2024.

Grady J. Leupold
United States Magistrate Judge